IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN WILLIAM CARTER,
    Plaintiff,

vs.                                        Case No.:  3:12cv399/MCR/EMT

CLINTON WELLS KILLINGSWORTH,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a non-prisoner proceeding pro se, commenced this action by filing a complaint for monetary damages (doc. 1).  Plaintiff paid the filing fee.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration, the undersigned concludes that this case should be dismissed.

I.    PLAINTIFF'S ALLEGATIONS

This is Plaintiff's second attempt to sue Defendant in federal court for damages he suffered as a result of Defendant's pest control company, Environmental Security of Okaloosa, Inc., alleged violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2306.  Plaintiff's first action, Carter v. Killingsworth, Case No. 3:11cv403/MCR/EMT, was dismissed on January 15, 2012 for lack of jurisdiction on two alternative grounds:  (1) Plaintiff's claim failed to satisfy the $50,000.00 amount-in-controversy requirement of 15 U.S.C. § 2310(d); and (2) his claim was barred by the Rooker-Feldman doctrine.[1]  *Id.*, Order, Doc. 11 (N.D. Fla. Jan. 15, 2012), adopting Report and Recommendation, Doc. 8 (N.D. Fla. Nov. 23, 2011).  Plaintiff appealed the final order to the

---

[1]The doctrine is named after two cases:  Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. E. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311, 75 L. Ed. 206 (1983).

Eleventh Circuit Court of Appeals, and the appellate court affirmed. Carter v. Killingsworth, No. 12-10453 (11th Cir. May 29, 2012) (affirming dismissal on ground that Plaintiff failed to satisfy amount-in-controversy requirement of MMWA, but not addressing alternative ground for dismissal under Rooker-Feldman doctrine). Plaintiff subsequently filed a motion for reconsideration and a motion to reopen in the district court, both of which were denied. He filed the instant action on August 20, 2012 (doc. 1).

In the instant complaint, Plaintiff alleges he hired Defendant's pest control company to inspect his home for termites from 1998 to 2005 (doc. 1 at 3). He states Defendant's employee conducted the original termite inspection, for which Plaintiff paid $1,330.00, in 1998 and reported no rot or termite damage (*id.*). Plaintiff alleges another of Defendant's employees provided inspection and treatment services until 2005, reporting no rot or termite damage, when Plaintiff discovered that the employee was not actually inspecting or treating the home (*id.*). Plaintiff alleges "a recent inspection has been made," and the "total cost of repair for rot and termite damage is now over $53,000.00," which now satisfies the amount-in-controversy requirement of 15 U.S.C. § 2310(d) (*id.*). He alleges the "total costs for legal fees, temporary repairs and damage to the house now comes to $72,400.00" (*id.*). As relief, he seeks "financial compensation to cover all my expenses and relieve my mental aggravation and frustration" (*id.* at 4).[2]

As in Plaintiff's previous federal case, the court takes judicial notice of the public docket of the Circuit Court in and for Escambia County, Florida, Case No. 2009 CA 00122. *See* Fed. R. Evid. 201; *see also, e.g.*, R.E. Loans, LLC v. Eagle Group Brokers, LLC, No. 3:08cv76/MCR/MD, 2009 WL 837662, at *4 n.5 (N.D. Fla. Mar. 30, 2009) (unpublished) (district court may take judicial notice of state court's docket); Fernandez-Morales v. Barron, No. 5:06cv1/MCR/EMT, 2006 WL 680819, at *2 (N.D. Fla. Mar. 13, 2006) (unpublished) (district court took judicial notice of public docket of case in other federal judicial district). According to the state court docket, Plaintiff sued Defendant (and others) in state court for breach of contract in 2009. The state court granted summary judgment in favor of the defendants. The decision was affirmed by the Florida First

---

[2]In Plaintiff's amended complaint filed on September 26, 2011, in Case No. 3:11cv403/MCR/EMT, Plaintiff alleged the "total cost of repair for rot and termite damages was $17,565.00" and the "total cost of legal fees, temporary repairs and a punitive damage claim [of $25,000.00] is $58,800.00." *Id.*, Amended Complaint, Doc. 6 at 3 (N.D. Fla. Sept. 26, 2011).

Case No.: 3:12cv399/MCR/EMT

District Court of Appeal, Case No. 1D10-4259, and the appellate court granted the defendants' motion for attorney fees. Plaintiff sought review in the Florida Supreme Court, Case No. SC11-1198, but the court dismissed his petition. The state supreme court struck Plaintiff's motion for rehearing on August 5, 2011, just days prior to Plaintiff's filing his first federal action in this court.

II.     ANALYSIS

A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); Tylon v. Kloak, 98 F. App'x 511, 2004 WL 729173, at *1 (7th Cir. 2004). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Lovern, 190 F.3d at 653 (citations omitted). Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure. *Id.* (citations omitted). A district court may address its lack of subject matter jurisdiction in two ways: the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *Id.* (citations omitted). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists. *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 2d 951 (1942)).

The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331. "Federal jurisdiction requires that a party assert a substantial federal claim. Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing Hagans v. Lavine, 415 U.S. 528, 536, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1976)) (emphasis added); *see also* Baker v. Carr, 369 U.S. 186, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous). In Hagans, the Supreme Court noted: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'" 415 U.S. at 536–37 (citations omitted). While emphasizing that this insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." *Id.* at 538.

In the instant case, despite Plaintiff's effort to refile his MMWA claim by alleging his damages now exceed the amount-in-controversy requirement, his claim still fails to overcome the jurisdictional hurdle of the Rooker-Feldman doctrine.  The Rooker-Feldman doctrine provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."  Nicholson v. Shafe, 558 F.3d 1266, 1268 (11th Cir. 2009) (citation omitted).  The Supreme Court has explained that the Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).  The Rooker-Feldman doctrine does not apply to cases in which the plaintiff did not have a reasonable opportunity to raise federal claims in the state court proceedings.  Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam).

In the instant case, Plaintiff is a state court loser inviting this federal court to review and reject the state court's resolution of his breach of contract claim against Defendant, which became final before he filed the instant federal lawsuit.  Further, the MMWA expressly authorized Plaintiff to raise a MMWA claim in his state court litigation; therefore, he had a reasonable opportunity to raise his federal claim in the state court proceedings.[3]  *See* 15 U.S.C. § 2310(d)(1)(A).  All of the conditions for application of the Rooker-Feldman bar are satisfied.  Therefore, the complaint should be dismissed on this jurisdictional basis.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for lack of jurisdiction.

At Pensacola, Florida, this 24th day of August 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The provision of the MMWA permitting a consumer to bring suit for damages and other legal and equitable relief in state court does not contain an amount-in-controversy requirement.  *See* 15 U.S.C. § 2310(d)(1)(A).

Case No.:  3:12cv399/MCR/EMT

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).